# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHUKWUEMEKA O. EZIOLISA,

        Petitioner,        Case Number 17-11682
                                      Honorable Mark A. Goldsmith

v.

J.A. TERRIS,

        Respondent.
_____/

## OPINION & ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1)

Petitioner Chukwuemeka O. Eziolisa,[1] currently incarcerated in the Federal Correctional Facility in Milan, Michigan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He argues that the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (Apr. 3, 2017), warrants resentencing. For the reasons set forth, the Court denies the petition.

## I. BACKGROUND

In 2010, Eziolisa pleaded guilty in the United States District Court for the Southern District of Ohio to one count of armed robbery, 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). See United States v. Eziolisa, No. 3:10-cr-00039 (S.D. Ohio) (ECF No. 32).

In 2011, Eziolisa filed a motion under 28 U.S.C. § 2255 raising jurisdictional and ineffective assistance of counsel claims. The district court denied the motion, see id. (Dkt. 49),

---

[1] The case caption spells Petitioner's last name incorrectly. The Court orders the Clerk of Court to amend the case caption to reflect the correct spelling of Petitioner's last name: "Eziolisa."

and the Sixth Circuit Court of Appeals denied a certificate of appealability. Eziolisa v. United States, No. 11-4364 (6th Cir. March 25, 2013) (Dkt. 34). The district court denied Eziolisa's two subsequent § 2255 motions (Dkts. 72, 89), and the Sixth Circuit Court of Appeals denied relief. See Eziolisa v. United States, No. 13-4344 (6th Cir. Sept. 19, 2014) (Dkt. 15); Eziolisa v. United States, No. 15-3615 (6th Cir. Jan 21, 2016) (Dkt. 93). The Sixth Circuit Court of Appeals also denied Eziolisa's motion for leave to file a successive § 2255 motion. In re: Chukwuemeka Eziolisa, No. 16-3716 (6th Cir. Sept. 22, 2016) (Dkt. 94).

Eziolisa then filed the pending petition under 28 U.S.C. § 2241. He claims that, based upon the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017), his sentence is unconstitutional.[2]

## II. DISCUSSION

Petitioner's claim is not properly raised in a petition under 28 U.S.C. § 2241 and will be dismissed. Generally, a prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law must be raised in a motion to vacate or correct sentence under 28 U.S.C. § 2255. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). A petitioner may, instead, raise such a claim under 28 U.S.C. § 2241, only if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999).

Petitioner argues that, pursuant to Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), his sentencing claim is properly filed under § 2241. Hill allows a petitioner to challenge a sentence

---

[2] In Dean, the Supreme Court concluded that 18 U.S.C. § 3553(a) permits a sentencing judge to consider the mandatory minimum sentence required for a § 924(c) conviction and the fact that the sentence must run consecutively to other sentences when calculating the sentence to impose for the predicate crime. Dean, 137 S. Ct. at 1175-1177.

under § 2241 only if he satisfies these conditions: (1) the petitioner's sentence was imposed under the mandatory guidelines regime prior to Booker v. United States, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from filing a successive motion under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision finding that – as a matter of statutory interpretation – a previous conviction used to enhance the petitioner's sentence no longer qualified as a predicate offense. Hill v. Masters, 836 F.3d 591, 599-600 (6th Cir. 2016).

Petitioner was sentenced five years after Booker was decided, and, therefore, he fails to satisfy Hill's first condition. He also fails to satisfy the second condition because, in Dean, the Supreme Court did not suggest that the holding was to be applied retroactively on collateral review. See Buggs v. Terris, No. 17-11658, 2018 WL 6445690, *2 (E.D. Mich. Dec. 12, 2018) (collecting cases). Petitioner may not proceed under § 2241 via the savings clause of § 2255.

### III. CONCLUSION

For the reasons stated, the Court concludes Petitioner fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge the validity of his sentence. His petition is improperly filed under 28 U.S.C. § 2241.

Accordingly, the Court denies the petition for a writ of habeas corpus and the matter is dismissed without prejudice.

**SO ORDERED.**

Dated: June 18, 2019                          s/Mark A. Goldsmith  
   Detroit, Michigan                         MARK A. GOLDSMITH  
                                             United States District Judge

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2019.

s/Erica Karhoff on behalf of
Karri Sandusky, Case Manager
